UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RANDY OLIVER, )
 )
 Plaintiff )
 )
v. ) Civil No. 07-157-B-W
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
 Defendant )

*RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES*

The plaintiff applies for an award of attorney fees pursuant to 42 U.S.C. § 406(b) after securing an award of past-due benefits before the commissioner following this court's remand of his case for further proceedings. *See* Plaintiff's Motion for Award of § 406(b) Fees ("Motion") (Docket No. 23). I recommend that the Motion be granted, albeit in a lesser amount than requested and with the proviso that the plaintiff's counsel remit to his client a sum equal to the court's prior award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**I. Factual and Procedural Background**

The plaintiff executed a contingent fee agreement with the law firm of Jackson & MacNichol in connection with his appeal to this court of the commissioner's adverse decision, agreeing "to pay a fee equal to twenty five percent (25%) of the total amount of any past-due benefits awarded to [him], to include any dependents benefits, subject to the approval of said fee by the court." Motion at 3.

1

On July 23, 2008, following the filing of a statement of errors, oral argument, and the issuance and adoption of a recommended decision in the plaintiff's favor, the court entered a judgment vacating the adverse decision of the commissioner and remanding the case for further proceedings. *See* Docket Nos. 12, 15-18. On October 23, 2008, the court granted a consent motion for approval of a settlement agreement pursuant to which the plaintiff was awarded attorney fees in the amount of $4,150 under the EAJA. *See* Docket Nos. 21-22.

The plaintiff prevailed on remand and was awarded $75,919.52 in past-due benefits. *See* Motion at 1; Exh. 1 thereto (Docket No. 23-1) at 3; Defendant's Response to Plaintiff's Motion for Award of § 406(b) Fees ("Response") (Docket No. 24) at 2. He now seeks an award pursuant to section 406(b) of $17,594.87, representing less than 25 percent of the past-due benefits award, which would be $18,979.88. *See* Motion at 1.

Invoices filed in connection with the plaintiff's EAJA fee petition indicate that Attorney Francis Jackson logged 4.5 hours, and Attorney Sarah Bohr 21 hours, representing the plaintiff before this court in connection with his appeal. *See* Docket Nos. 20-2, 20-3. The plaintiff states, and the commissioner agrees, that the current capped EAJA rate is $175.75 per hour. *See* Motion at 5; Response at 4.[1]

## II. Discussion

Section 406 provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [*i.e.*, Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

---

[1] Jackson states that his usual and customary rate is $350 per hour, considerably higher than the capped EAJA rate, *see* Motion at 5, but he neither provides evidence of, nor seeks a section 406(b) fee predicated on, his asserted usual and customary rate.

2

42 U.S.C. § 406(b)(1)(A).

The making of an application for an award of attorney fees pursuant to the EAJA does not preclude an award of attorney fees pursuant to section 406(b). However, a claimant's attorney must refund the smaller of the EAJA fee or the section 406(b) fee to the claimant. *See, e.g., Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citation and internal punctuation omitted).

Because the money at stake in a section 406(b) request comes not out of the commissioner's pocket but rather that of the claimant, the court has an independent duty, even in the absence of an objection by the commissioner, to satisfy itself that a section 406(b) contingency fee is "reasonable[.]" *See, e.g., id* at 807 ("Most plausibly read, . . . § 406(b) does not displace contingent fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.") (citations and footnotes omitted).

As one might expect, the outer boundaries of a test of "reasonableness" are difficult to mark. However, this much is clear: Reduction in the amount that otherwise would be payable pursuant to a contingent fee agreement between a claimant and attorney is appropriate to the

3

extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are disproportionate in relation to the amount of time counsel spent on the case (thereby resulting in a windfall). *See id*. at 808; *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (*cited with favor in Gisbrecht*, 535 U.S. at 808).

There is no question in this case of substandard performance or improper conduct on the plaintiff's counsel's part. To the contrary, the plaintiff's counsel secured a significant victory. Hence, I concern myself solely with whether the requested fee confers a windfall.

With only one exception limited to its facts, this court never has awarded a section 406(b) fee that effectively confers an hourly rate of more than three times the invoiced EAJA rate. *See Quimby v. Astrue*, Civil No. 04-33-B-W, 2010 WL 817464, at *5 (D. Me. Mar. 4, 2010) (rec. dec., *aff'd* Mar. 24, 2010).[2] The plaintiff reasons that his fee application comfortably fits within those parameters because the requested sum of $17,594.87 less the EAJA fee of $4,150 to be refunded by his counsel equals $13,444.87, and the latter figure, in turn, confers an effective hourly rate of $527.25 for the 25.5 hours of attorney time expended on the appeal, three times the current EAJA rate of $175.75. *See* Motion at 5-6; Plaintiff's Reply Memorandum Regarding Award of § 406(b) Fees ("Reply") (Docket No. 25) at 1-2.[3]

---

[2] The court in *Quimby* left the door open to claimants to prove that their attorneys' usual and customary billing rates exceed their EAJA billing rates. *See Quimby*, 2010 WL 817464, at *4. The plaintiff does not attempt to do so in this case. The commissioner acknowledges that the current EAJA rate of $175.75 hourly is higher than the rates in effect at the time the plaintiff's counsel performed the work in question, which ranged from $166.46 to $175.67 hourly. *See* Response at 4 n.2. However, because the bulk of the work was performed at the higher of those two rates, and the variance from today's rate is *de minimis*, he refrains from suggesting downward modification of the section 406(b) award on that basis. *See id*. That is a sensible approach in these particular circumstances, and I adopt it. However, I reaffirm that the rate in effect at the time of performance of the services in question is the relevant rate for these purposes.

[3] The commissioner does not suggest that the 25.5 hours expended were in themselves excessive in relation to the work accomplished, and I independently conclude that they were not.

As counsel for the commissioner notes, the plaintiff's calculations are flawed insofar as he subtracts the EAJA award from the total fee requested. *See* Response at 4-6. The refund of the EAJA fee is effectively a "wash." If the plaintiff's counsel were awarded $17,594.87 under section 406(b) and did *not* remit to his client the sum of $4,150 awarded in EAJA fees, counsel's recompense for work in this court would total $21,744.87, exceeding 25 percent of the client's past-due benefits amount. Upon remitting the sum of $4,150, counsel's total final compensation in those circumstances would be $17,594.87, not $13,444.87. An award of $17,594.87 would confer a windfall, crossing the threshold of the maximum amount this court has been willing to award absent exceptional circumstances.[4]

To the extent that the plaintiff suggests that this result is at odds with *Quimby*, *see* Reply at 1-2, he is mistaken. In *Quimby*, as here, the court measured the reasonableness of the section 406(b) fee requested as adjusted for a calculation error ($15,616.60) without subtracting the $3,760 previously awarded in EAJA fees. *See Quimby*, 2010 WL 817464, at *5-*6. The court observed: "If the plaintiff's counsel were permitted to retain the EAJA fee award and to receive the full sum of $15,616.60, his total fee would exceed 25 percent of past-due benefits." *Id*. at *5 n.4.

Moreover, in *Quint v. Astrue*, Civil No. 05-135-B-W, 2008 WL 4905482 (D. Me. Nov. 12, 2008) (rec. dec., *aff'd* Dec. 4, 2008), issued prior to *Quimby*, this court had occasion to clarify that subtraction of the EAJA fee award amount from the requested section 406(b) fee is inappropriate for purposes of assessing whether the requested 406(b) fee confers a windfall, observing:

> The commissioner reasons that, when one subtracts the $2,951.93 EAJA fee from the requested $9,348.00 section 406(b) award, leaving a balance of $6,396.07, the

---

[4] An award of $17,594.87 would confer an effective hourly rate of $689.99, nearly four times the current EAJA rate.

5

hourly rate works out to $341.00, approximately twice the invoiced hourly rate of $170 and therefore consistent with *Ogle* [*v. Barnhart*, No. 99-314-P-H, 2003 WL 22956419 (D. Me. Dec. 12, 2003) (rec. dec., *aff'd* Jan. 21, 2004)]. Yet his calculation is flawed, as well. Even after refunding the $2,951.93 EAJA fee, the plaintiff's counsel in the commissioner's scenario still would receive a total of $9,348.00 for work performed in this court. Absent refund to the client of EAJA fees, counsel would have received a total of $12,299.93 for that work. Thus, the correct base from which to calculate the hourly rate is $9,348.00.

*Quint*, 2008 WL 4905482, at *3 (citation omitted).

The requested award of $17,594.87 is excessive. However, in view of the excellent result obtained in this case, I am comfortable recommending that the court award $13,444.87, conferring an hourly rate of three times the EAJA rate (25.5 hours x $175.75 x 3), the maximum that the court has previously awarded absent exceptional circumstances that are not here claimed.

### III. Conclusion

For the foregoing reasons, I recommend that the Motion be **GRANTED**, albeit in a lesser amount than requested, resulting in an attorney fee award pursuant to 42 U.S.C. § 406(b) of $13,444.87, with the proviso that the plaintiff's counsel be directed to remit to his client the sum of $4,150 in previously-awarded EAJA fees.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of October, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge